UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

AVAIL 3 LLC, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS ADMINISTRATOR OF RESTORATION III TRUST,

Plaintiff,

-against-

WILLIAM S. HUSTIS, Individually and as Administrator of the Estate of William A. Hustis, Deceased, BARBARA ANN MOSCHIANO, Individually, as Heir and Distributee of the Estate of William A. Hustis, Deceased, LILLIAN M. GODBOUT, Individually, as Heir and Distributee of the Estate of William A. Hustis, Deceased,

Defendant(s).

-------------------------------------------------------------------X

7:25-cv-7332-KMK

~~[PROPOSED]~~
JUDGMENT OF FORECLOSURE AND SALE

Upon the Summons and Verified Complaint filed in this action on September 4, 2025 (ECF No. 1), and the Notice of Pendency filed in the Dutchess County Clerk's Office; and upon Plaintiff's application for a default judgment of foreclosure and sale; and upon the Declaration of Alan H. Weinreb, Esq., dated April 7, 2026 with exhibits annexed thereto, including the Affirmation of Amounts Due of James Fratangelo, dated April 7, 2026; and the Clerk's Certificates of Default entered against Defendants William S. Hustis (ECF No. 13), Lillian M. Godbout (ECF No. 14), and Barbara Ann Moschiano (ECF No. 18); and after due deliberation, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that the total amount due under the Note and Home Equity Conversion Mortgage as of April 7, 2026, is $457,574.37, together with interest and subject to allowable post-judgment advances as provided in the loan documents; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the mortgaged premises described in the Complaint and in Schedule "A" annexed hereto shall be sold at public auction in one parcel pursuant to this Judgment, together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and roads adjoining said premises to the center line thereof, and together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, all as more fully set forth in the Mortgage, subject to any state of facts that an accurate survey may show, easements, covenants, restrictions, reservations, if any, zoning restrictions and amendments thereto, existing violations and orders of the appropriate municipal departments, the physical condition of the premises at the time of closing, and any apportionments or adjustments; and it is further

**ORDERED** that the sale shall be held at public auction on the front steps of the White Plains Courthouse of the Southern District of New York, located at 300 Quarropas Street, White Plains, New York, by and under the direction of Carl L. Finger, Esq., who is hereby designated as Referee herein to conduct the sale of the mortgaged premises in accordance with this Judgment; and it is further

**ORDERED** that said Referee shall give public notice of the time and place of sale in accordance with RPAPL § 231 in the Poughkeepsie Journal, and in the event Plaintiff is the purchaser at said sale, Plaintiff shall not be required to make any deposit thereon; and it is further

**ORDERED** that said Referee or his duly appointed designee shall deposit the proceeds of the sale in an FDIC-insured Bank in the Referee's name as Referee and shall make the following payments therefrom:

**FIRST**: The sum of $750.00 to the Referee as compensation for conducting the sale;

Case 7:25-cv-07332-KMK Document 21 Filed 04/09/26 Page 3 of 5

**SECOND**: The reasonable expenses of the sale, including the costs of publication and advertising, upon bills certified by the Referee to be correct;

**THIRD**: To Plaintiff, the sum of $457,574.37, together with interest as provided in the loan documents and any additional sums advanced by Plaintiff for taxes, insurance, or other charges as permitted by the Note and Mortgage; and it is further

**ORDERED** that any surplus monies shall be deposited with the Clerk of the Court to be distributed pursuant to further order of this Court; and it is further

**ORDERED** that in the event Plaintiff or a governmental agency thereof is the purchaser of the mortgaged premises, or if the successful bidder assigns its bid to Plaintiff or such governmental agency, the Referee shall not require Plaintiff or such governmental agency to pay the full amount of its bid in cash, but shall execute and deliver a deed to the premises sold upon payment of the amounts set forth in the items marked "FIRST" and "SECOND" above, together with any taxes, assessments, water charges, sewer rents, and accrued interest and penalties thereon, if any, and the Referee shall apply the balance of the amount bid to the amount due Plaintiff under the item marked "THIRD"; and it is further

**ORDERED** that the Referee shall make a report of sale and file it with the Clerk of the Court with all convenient speed; and it is further

**ORDERED** that the purchaser at such sale shall be let into possession of the premises upon production of the Referee's deed; and it is further

**ORDERED, ADJUDGED, AND DECREED** that Defendants and all persons claiming under them are forever barred and foreclosed of all right, title, claim, lien, and equity of redemption in the mortgaged premises; and it is further

**ORDERED** that this judgment is *in rem* only, and no deficiency or personal judgment shall be entered against any Defendant.

Dated: White Plains, New York

July 22, 2026

SO ORDERED:

HON. KENNETH M. KARAS, U.S.D.J.

**SCHEDULE A**
**DESCRIPTION**

ALL that piece or parcel of land lying and situate in the City of Beacon, County of Dutchess, State of New York, bounded and described as follows:

BEGINNING on the northwesterly side of Jackson Street, at the northerly corner of lot owned by George Miller and runs

THENCE along the rear line of Benjamin H. Beach and Robert F. Elsden's lots fifty (50) feet to a corner;

THENCE southerly, parallel with George Miller's northeasterly line, one hundred (100) feet to Jackson Street aforesaid;

THENCE southwesterly along said street fifty (50) feet to the lot of the aforesaid George Miller;

THENCE northwesterly along the line of that lot one hundred (100) feet to the place of BEGINNING.

Premises also known as 9 Jackson Street, Beacon, NY 12508